# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO OCHOA GARCIA,<br><br>                                    Movant,<br>  vs.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Respondent. | CIV. CASE NO.   07cv1123 BTM<br>CRIM. CASE NO. 01cr2075 BTM<br><br>**ORDER DENYING MOTION**<br>**PURSUANT TO 28 U.S.C. § 2255** |

Mario Ochoa-Garcia ("Defendant") has filed a motion pursuant to 28 U.S.C. § 2255, challenging his conviction. For the reasons discussed below, Defendant's motion is **DENIED**.

## I. BACKGROUND

In an indictment filed on July 3, 2001, Defendant was charged with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On October 17, 2001, a jury found Defendant guilty of the charge. The Court sentenced Defendant to 30 months of imprisonment and 3 years of supervised release. Defendant appealed his conviction. On April 23, 2003, the Ninth Circuit affirmed the conviction.

On March 1, 2004, a no-bail bench warrant was issued to bring Defendant before the Court to show cause why supervised release should not be revoked for violating the terms of supervised release. Specifically, it was alleged that on January 31, 2004, Defendant reentered the United States subsequent to his deportation, in violation of 8 U.S.C. § 1326.

On February 25, 2004, an indictment was filed in Case No. 04cr485 L, charging Defendant with being found in the United States after previously having been deported, in violation of 8 U.S.C. § 1326. After a jury trial, Defendant was found guilty. In October, 2006, Defendant was sentenced to a term of time served, and supervised release for a term of 3 years. Defendant has appealed his conviction. The appeal is still pending.

On September 22 and October 20, 2006, the Court held a hearing in this case regarding the revocation of supervised release. The Court found Defendant in violation of the terms of his supervised release and revoked supervised release. The Court also sentenced Defendant to time served. On June 21, 2007, Defendant filed the instant § 2255 motion.

## II.  DISCUSSION

Defendant's motion, which consists of a collection of assorted form pleadings, sets forth a multitude of grounds for relief, some of which appear to apply to his original conviction in 2001, others which appear to apply to his recent supervised release violation conviction, and a number of which have no applicability to either conviction – e.g., arguments regarding a guilty plea (Defendant did not ever plead guilty) and denial of requests for counsel (Defendant was never denied counsel).

To the extent Defendant seeks to challenge his 2001 conviction, Defendant's motion is denied as untimely. The motion was filed well outside the one-year period of limitations.

To the extent Defendant seeks to challenge his revocation of supervised release, Defendant's motion is denied as moot. Defendant was sentenced to time served. No further term of supervised release was imposed.

In Spencer v. Kemna, 523 U.S. 1, 12-14 (1998), the Supreme Court declined to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from the petitioner's parole revocation. Instead, the Supreme Court required the petitioner to demonstrate that such consequences in fact came about. District courts applying Spencer have denied § 2255 motions as moot where the defendant has challenged

1  the revocation of supervised release but the defendant has already served the sentence
2  resulting from the revocation. United States v. Warner, 2007 WL 708870 (N.D. Tex. March
3  7, 2007); Shafer v. United States, 2005 WL 1115916 (E.D. Tenn. Apr. 25, 2005). See also
4  United States v. Duclos, 382 F.3d 62 (1st Cir. 2004) (dismissing appeal as moot because the
5  appellant failed to show the existence of actual consequences of the revocation of his
6  supervised release); United States v. Probber, 170 F.3d 345 (2d Cir. 1999) (same).

7  Because Defendant has completed his sentence resulting from the revocation of his
8  supervised release, the Court does not presume that there are continuing collateral
9  consequences.  Defendant has not demonstrated that he is in fact suffering collateral
10 consequences from his revocation of supervised release.  Therefore, there is no actual
11 controversy with respect to his revocation of supervised release, and the Court lacks
12 jurisdiction over these claims.

13 Defendant's papers mention the remedy of coram nobis.  Coram nobis relief is
14 available to challenge the validity of a conviction, even though the sentence has been fully
15 served, "under circumstances compelling such action to achieve justice." United States v.
16 Morgan, 346 U.S. 502, 511 (1954).

17 To qualify for coram nobis relief, the following four requirements must be satisfied:
18 (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the
19 conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the
20 case or controversy requirement of Article III; and (4) the error is of the most fundamental
21 character. United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir. 1989).  Defendant has
22 not satisfied any of these requirements.

23 Therefore, Defendant's § 2255 motion is **DENIED**.
24 ///
25 ////
26 ///
27 ///
28 ///

### III. <u>CONCLUSION</u>

For the reasons discussed above, Defendant's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 5, 2007

*Barry Ted Moskowitz*
Hon. Barry Ted Moskowitz
United States District Judge